IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SOLOMON LEE WARREN GRAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15CV12 |
| | ) | |
| THOMAS E. ASBELL, II, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, brought a Petition [Doc. #1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the Petition, he raises a number of claims alleging ineffective assistance of trial counsel. Respondent filed a Motion for Summary Judgment [Doc. #5]. In that Motion, Respondent asserts that Petitioner did not exhaust his state court remedies as to any of his claims because, although Petitioner filed a direct appeal and raised claims of ineffective assistance in that appeal, the claims raised in the state appeal were entirely different from those raised in the current Petition. He also never filed a Motion for Appropriate Relief (MAR) in the state trial court raising any of his current claims. Therefore, Respondent contends that under § 2254(b)(1)(A), Petitioner failed to exhaust his state court remedies and the Court cannot grant relief on any of his claims. Respondent explicitly refuses to waive the exhaustion requirement. Nevertheless, Respondent also notes that under § 2254(b)(2), the Court can deny Petitioner's claims on

their merits and he requests that the Court do so. For his part, Petitioner does not contend in response to Respondent's Motion that he exhausted his state court remedies as to the claims raised in his Petition. Instead, he argues that his appellate attorney refused to raise these claims on appeal, that his Petition presents a claim of "cumulative prejudice" which does not need to be exhausted, that the claims do not need to be exhausted where the state corrective process will be ineffective to protect a petitioner's rights, and that requiring exhaustion will be contemptuous of the state courts. Petitioner also filed a separate Motion [Doc. #10] seeking a transfer to a different facility and a ruling in this case.

Having reviewed the briefs and arguments of the parties, the Court agrees with the parties that Petitioner's claims are unexhausted, and the Court concludes that the appropriate action is to stay the matter to provide Petitioner with an opportunity to return to state court to exhaust his claims. Petitioner presents a number of claims which are not well expressed or developed. Some also involve state court rulings or matters of state law. Therefore, the State should have the first opportunity to rule on those claims. Also, although Respondent requests a decision on the merits, his briefing of the merits is cursory in nature, likely due, at least in part, to the undeveloped nature of several of Petitioner's claims. Having Petitioner return to state court to exhaust his remedies may well correct this.

As for Petitioner's arguments that he could not exhaust his claims or should not be required to do so, these contentions are entirely unavailing. Whether or not his attorney refused to raise the claims on appeal, in North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by either raising his claim(s) in a direct appeal to the

North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O' Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422). As noted above, Petitioner has not attempted to use a MAR to exhaust his claims.

As for Petitioner's "cumulative prejudice" argument, § 2254(b)(1)(A) contains no exception for claims of "cumulative prejudice." There is, as Petitioner states, an exception to the exhaustion requirement where the state corrective process is inadequate to protect his rights. See 28 U.S.C. § 2254(b)(1)(B)(ii). However, Petitioner provides nothing to demonstrate that this is the situation in his case. As just noted, North Carolina has a long established collateral review process through which Petitioner can file a MAR. Finally, Petitioner contends that it will somehow be "contemptuous" to the state courts to force him to present his claims to them. His argument is not clear, but incorrect in any event. The exhaustion requirement is actually based on respect for the state courts in that it allows them to rule first on any alleged errors in state proceedings. Also, as noted above, some of Petitioner's claims involve rulings of state law, which are appropriately the province of the state courts. Petitioner must present his claims to the state courts before proceeding with them in this Court.

For the reasons just set out, Respondent's Motion for Summary Judgment should be granted to the extent that it argues that Petitioner failed to exhaust his state court remedies as to the claims raised in the Petition. However, it should be denied to the extent that it seeks a ruling on the merits of the claims despite the failure to exhaust. Instead, the matter should be stayed for six months to allow Petitioner to return to the state courts to file a MAR and, if that filing is denied, a petition for certiorari with the North Carolina Court of Appeals. Respondent should file a status report at the earlier of Petitioner's exhaustion of his claims or the conclusion of the six month stay period. At that point the Court will order further briefing on the merits if Petitioner exhausts his claims, allow more time for him to finish the exhaustion process if needed, or consider whether dismissal of the case is appropriate if Petitioner does not make any attempt to exhaust.

As for Petitioner's Motion seeking a transfer to a different correctional facility and a ruling on his case, that Motion will be denied. The Court has no control over the State's choice of where to house him, and the instant Recommendation provides him with the only ruling he can receive at this point other than a dismissal on the merits.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #10] seeking a transfer to a different facility and a ruling in his case is DENIED.

IT IS RECOMMENDED that Respondent's Motion for Summary Judgment [Doc. #5] be granted to the extent it contends that Petitioner's claims are not exhausted, that it be denied without prejudice as to the merits of Petitioner's claims, and that this action be stayed in order to allow Petitioner to return to the state courts to exhaust his claims. Upon

Petitioner's exhaustion of his state court remedies or the expiration of six months following the entry of an Order adopting this Recommendation, Respondent should file a status report concerning Petitioner's attempts at exhaustion, after which the Court will enter an appropriate order as discussed above.

This, the 20th day of July, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge